IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CLIFF'S LIMOUSINE SERVICE, INC., and CLIFF MULDROW, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CIVIL ACTION NO. 99-JEO-1104-S ) |
| FORD MOTOR COMPANY, AMERICAN CUSTOM COACHWORKS, and VULCAN LINCOLN MERCURY, | ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM OF OPINION**

Before the court are Vulcan Lincoln Mercury, Inc.'s "Motion to Dismiss" (doc. 4) and the plaintiffs' "Motion to Amend Complaint" (doc. 9). A hearing on the motions was conducted on June 23, 1999. Upon due consideration, the court finds that the motions are due to be granted. The court further finds that this matter is due to be remanded to the Circuit Court for Jefferson County.

**I.   BACKGROUND**

Cliff's Limousine Service, Inc., and Cliff Muldrow ("the plaintiffs") initially brought this action against Vulcan Lincoln Mercury ("Vulcan"), American Custom Coachworks ("American"), and Ford Motor Company ("Ford") in the Circuit Court for Jefferson County, alleging breach of warranty and breach of contract claims concerning the plaintiffs' purchase of a 1996 Lincoln Town Car ("the first vehicle").

The plaintiffs allege that they purchased the first vehicle from the defendants[1] on March 14, 1996. According to the complaint, the plaintiffs purchased a "bumper to bumper" warranty which warranted the automobile for the first 50,000 miles or four years, whichever came first. The plaintiffs allege that the defendants, "knowing of plaintiff's [sic] desire to purchase a vehicle and knowing and intending that they [the plaintiffs] would rely upon their representations, did negligently, recklessly, willfully, wantonly and intentionally represent to plaintiff[s] that there was a written warranty that the vehicle was brand new and was in first class condition and made other numerous representations inducing plaintiff[s] to enter into a contract for the sale of the vehicle." (Doc. 1, plaintiffs' initial complaint, ¶ 8).[2] The plaintiffs also allege these representations were false and as a result of the defendants' actions, they have expended great sums of money to remedy and repair the vehicle. The list of defects is lengthy. (*Id.*, plaintiffs' initial complaint, ¶ 12). The amount of the repairs totaled $4,099.98 plus loss of business time. (*Id.*).

The plaintiffs state that defendants agreed to deliver the automobile, completely finished and defect-free, pursuant to the contract and warranty. Three months after purchase, the plaintiffs reported the defects. The defendants allegedly told the plaintiffs that they would cure the defects. The plaintiffs state that certain items supposedly repaired by the defendants continued to malfunction, however, and that they continued to find other defects in the automobile. The defects have allegedly rendered the vehicle unfit for the purpose for which it

---

[1] Throughout the pleadings, the plaintiffs refer to the individual defendants collectively as "the defendants." This collective reference is the basis of American's motion for a more definite statement (doc. 8).

[2] References herein to "doc. __" are to the docket numbers assigned by the Clerk of the Court, which are found in the lower right hand corner of the particular document.

was intended.

The defendants jointly removed the case to this court based on diversity jurisdiction. (Doc. 1). On May 3, 1999, Vulcan filed a motion to dismiss the claims against it. The motion was accompanied by an affidavit stating Vulcan did not sell the vehicle or issue any warranty with respect thereto. (Doc. 4). Vulcan argues that it merely serviced the vehicle at issue.

On June 8, 1999, the plaintiffs filed the instant motion to amend the complaint accompanied by a proposed amended complaint. (Doc. 8). By this motion, the plaintiffs seek to add a new paragraph to the original complaint, alleging that they purchased a second 1996 Lincoln Town Car from Vulcan on April 2, 1996 ("the second vehicle"). (Doc. 9, amended complaint, ¶ 8). They also seek to add two additional claims for relief. The first additional claim, Count IV, relates to the sale of the second vehicle by Vulcan to the plaintiffs and states that "[the d]efendants breached the agreement by failing or refusing to provide" a vehicle to be used by Cliff's Limousine.[3] (Doc. 9, amended complaint, ¶ 47). The second additional claim, Count V, relates to the first vehicle and states that Vulcan breached its duty of care in repairing the first vehicle. (Doc. 9, amended complaint, ¶¶ 48-50).

## II. DISCUSSION

### A. Motion to Dismiss By Vulcan

The standard for dismissing a defendant from a complaint is very high. Earlier this year, one court explained this standard as follows:

> A complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that a complainant can prove no set of facts that support a

---

[3] The amended complaint also refers to the defendants collectively.

claim for relief. *Anderson v. Transglobe Energy Corp.*, 35 F. Supp. 2d 1363, 1365 (M.D. Fla. 1999) (*quoting Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In ruling on a motion to dismiss, a trial court is required to view the complaint in the light most favorable to the plaintiff. *Cosmas v. Hassett*, 886 F.2d 8, 11 (2nd Cir. 1989). The allegations in the complaint should be taken as admitted by the defendant and liberally construed in favor of the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). *Federal Rule of Civil Procedure* 8(a)(2) instructs that a pleading need only "contain a short and plain statement of the claim showing that the pleader is entitled to relief." The Eleventh Circuit has liberally construed Rule 8(a)(2) of the *Federal Rules of Civil Procedure* to mean "A complaint need not specify in detail the precise theory giving rise to recovery. All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests." *Evans v. McClain of Georgia, Inc.*, 131 F.3d 957, 964 n.2 (11th Cir. 1997) (*quoting Sams v. United Food & Comm'l Workers Int'l Union*, 866 F.2d 1380, 1384 (11th Cir. 1989)).

*S.E.C. v. Physicians Guardian Unit Inv. Trust ex rel. Physicians Guardian, Inc.*, 1999 WL 997317, *1 (M.D. Fla. 1999). *Accord Beck v. Deloitte & Touche*, 144 F.3d 732, 735-36 (11th Cir. 1998).

Vulcan's motion to dismiss the original complaint is based upon an affidavit stating that Vulcan did not sell the first vehicle as alleged and it did not warranty that vehicle. *See Fed. R. Civ. P.* 12(b)(allowing a party to present matters outside the pleadings in accord with Rule 56). Accordingly, Vulcan asserts it should not be a party to the original lawsuit. To be dismissed from the original lawsuit, Vulcan must satisfy this court that no set of facts alleged can support relief.

When the motion to dismiss was filed, the pertinent claims alleged by the plaintiffs against Vulcan[4] were for breach of contract and breach of various alleged warranties concerning the sale of the first vehicle. Vulcan's affidavit clearly disputes those allegations. Particularly,

---

[4] Although the complaint refers to the defendants collectively and thus does not specify "Vulcan" in the text, the court is construing the plaintiffs' allegations broadly for purposes of this motion.

4

the affidavit disputes that Vulcan was involved in the sale or any warranty of the first vehicle. The affidavit, which was signed by Joseph Dorion (Vulcan's general manager and co-owner), states that Vulcan employees serviced and repaired the first vehicle, but that "Vulcan has never made any warranties on the Vehicle or its parts. Rather, Vulcan expressly disclaimed any and all warranties at the time of each service or repair. Any warranties on the Vehicle would come solely from the manufacturer of the Vehicle or the manufacturer(s) of the Vehicle's component parts." (Doc. 5, ¶ 5).

The plaintiffs do not dispute Vulcan's affidavit or motion to dismiss despite being afforded sufficient opportunity to do so. Instead, they seek to amend the complaint. The evidence before the court affirmatively and conclusively shows that the motion to dismiss Vulcan from the original complaint is due to be granted because the complaint fails to allege any claim against Vulcan. Vulcan was not a party to the sale of the first vehicle and it is not a party to any warranty of merchantability or fitness for a particular purpose that may have been provided at the time of the original sale by any other defendant. There is no privity of contract or other legal basis asserted by the plaintiffs to support the original claims against Vulcan. Accordingly, this court must grant the motion to dismiss.

### B. Plaintiffs' Motion to Amend the Complaint

A complaint may be amended with leave of court after a defendant has filed a response. *Fed. R. Civ. P.* 15(a). The standard for allowing an amendment is liberal. Rule 15 states that "leave shall be freely given when justice so requires." *Id.* The plaintiffs' assert that the amendment should be allowed because they "erroneously failed to list the second vehicle" in the original complaint and the negligence claim against Vulcan is based "upon the same set of facts

and circumstances which gave rise to the original complaint." (Doc. 9, ¶¶ 1-4).

Vulcan opposes any amendment of the complaint, asserting that the claims do not arise from the same transaction or occurrences and that the amendment is an attempt to fraudulently join Vulcan as a party, "made solely for the purpose of defeating this Court's jurisdiction and maintaining Vulcan's presence as a defendant to this action. (Doc. 15, ¶¶ 8-9). The amendment is also opposed by Ford. (Doc. 16). Ford asserts the amendment should be denied because the plaintiffs are attempting to add an additional nondiverse party to defeat jurisdiction. Alternatively, Ford requests that the claims asserted against Vulcan be severed under *Federal Rules of Civil Procedure* 20 and 21.

28 U.S.C. § 1447(e), provides: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). When applicable, this section leaves the court "with only two options: (1) deny joinder; or (2) permit joinder and remand [the plaintiffs'] case to state court." *Ingram v. CSX Transportation, Inc.*, 146 F.3d 858, 862 (11th Cir. 1998). Chief Judge Albritton of the United States District Court for the Middle District of Alabama recently enumerated the applicable considerations under section 1447(e):

> In determining whether to allow the amendment, the court should examine the following factors: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether the plaintiff has been dilatory in asking for the amendment, (3) whether the plaintiff will be significantly injured if the amendment is not allowed, and (4) any other factors bearing on the equities. *Hensgens v. Deere and Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987), *cert. denied*, 493 U.S. 851, 110 S. Ct. 150, 107 L. Ed. 2d 108 (1989); *Weathington v. United Behavioral Health*, 41 F. Supp. 2d 1315 (M.D. Ala. 1999).

*Sexton v. G & K Services, Inc.*, 51 F. Supp. 2d 1311, 1312 (M.D. Ala. 1999).

Applying the foregoing factors, the court finds the following: First, although the defendants vehemently assert that the amendment is intended to defeat federal jurisdiction, the court finds otherwise. Unlike the cases cited by Ford in its opposition (doc. 16), defendant Vulcan was named as a party in the original complaint when this matter was initially filed in Jefferson County Circuit Court.[5] Vulcan was not named for the first time after removal. Although it is correct that the claims at issue (Counts IV and V) were added after removal and the motion to dismiss was filed, the court concludes that the amendment was a consequence of the plaintiffs' counsel's inadvertent omission of intended claims in the original complaint rather than a desire to defeat federal jurisdiction.

Second, the plaintiff was not dilatory in filing the motion to amend. The motion was filed ten weeks after the original complaint and one month after the motion to dismiss. Up until the filing of the motion to dismiss, the court believes that the plaintiffs' counsel erroneously

---

[5] In *McCabe v. Kroger Co.*, 895 F. Supp. 124 (E.D. Tx. 1994), the court did not allow an amendment that would defeat federal jurisdiction when the court was satisfied that the plaintiff could not state a claim against the nondiverse defendant. The court concluded that under the circumstances, "the purpose behind the proposed amendment is to destroy subject matter jurisdiction." *Id.*, at 127. In *Buttons v. National Broadcasting Co., Inc.*, 858 F. Supp. 1025 (C.D. Ca. 1994), the court denied the motion to amend stating:

> Plaintiff has not made out a strong case for joinder. With respect to the three west coast NBC executives plaintiff seeks to add as defendants, they appear to have had no responsibility for the production or content of the Show. The purpose of adding them as defendants is, to say the least, highly questionable. With respect to the local subsidiary of NBC, it does not appear that any greater or different relief could be obtained against the subsidiary than could not be obtained from the parent. It appears that complete relief can be obtained from the present defendants, if any relief is to be obtained at all, without the need to add any more defendants. Thus, it appears that the primary motive in plaintiff's seeking to amend his complaint to add these new defendants is to destroy diversity. Finally, the court would note that if plaintiff is really intent on pursuing these new defendants for some relief not obtainable here, the statute of limitations on any defamation claim has not yet run and plaintiff may sue them separately in state court.

*Buttons*, 858 F. Supp. at 1027. In *Filippini v. Ford Motor Company*, 110 F.R.D. 131 (N.D. Ill. 1986), the court did not allow an amendment to a products liability complaint when the evidence before the court indicated that there was little "likelihood that the dealer would be liable, the dealer is now out of business and joinder would destroy diversity." 110 F.R.D. at 132.

7

perceived that the complaint was adequate to state a claim against Vulcan concerning the first vehicle.

Third, the plaintiffs would not likely suffer significant injury if the amendment is disallowed. There is no evidence indicating that the plaintiffs could not bring a second action in state court against Vulcan on the new claims presented in the amended complaint. However, to litigate the claims concerning the first vehicle in two forums is not an efficient use of judicial resources.

Upon due and deliberate consideration of the factors, the court is compelled to conclude that the motion to amend is due to be allowed. In reaching this conclusion, the court has carefully considered and weighed the admonition in *Sexton*:

> In balancing the equities, the parties do not start out on an equal footing. This is because of the diverse defendant's right to choose between a state or federal forum. Giving diverse defendants the option of choosing the federal forum is the very purpose of the removal statutes. *Hensgens*, 833 F.2d at 1181. Just as plaintiffs have the right to choose to sue in state court when complete diversity does not exist, non-resident defendants have the right to remove to federal court when there is diversity. Therefore, "(t)he district court, when faced with an amended pleading naming a new nondiverse defendant in a removed case, should scrutinize that amendment more closely than an ordinary amendment." *Id.* at 1182.

*Sexton*, 51 F. Supp. 2d at 1313. The court has also considered the authorities cited by the defendants and finds them distinguishable. Contrary to the defendants' arguments, the court finds that the allegations in the amended complaint asserting a negligence claim concerning the first vehicle (Count V) are sufficiently related to the claims in the initial complaint to allow the amendment. Accordingly, the court will exercise its discretion to allow the plaintiffs' amendment to add claims under Count V of the proposed amended complaint whether to sever

8

the breach of contract claim on the second vehicle (Count IV) and whether to grant American's motion for a more definite statement are questions best left to the state court.

### III. CONCLUSION

For the foregoing reasons, the defendants' motion to dismiss (doc. 4) is due to be granted without prejudice and the plaintiff's motion to amend (doc. 9) is due to be granted. In absence of diversity jurisdiction, the matter is further due to be remanded to the Circuit Court of Jefferson County. The motions for a more definite statement and for severance will remain for determination by the state court. An appropriate order will be entered.

**DONE** this the 30th day of November, 1999.

JOHN E. OTT
UNITED STATES MAGISTRATE JUDGE